Argued July 21, reversed August 11, 1975

MARTIN, *Respondent, v.* STATE ACCIDENT INSURANCE FUND (No. 408-765), *Appellant.*

538 P2d 943

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Stephen R. Frank,* Portland, argued the cause for respondent. With him on the brief were Tooze, Kerr, Peterson, Marshall & Shenker, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

Compensability of claimant's asserted back injury was denied by SAIF. It was also denied, after hearing, by the referee and, upon review, by the Workmen's Compensation Board. The circuit court reversed and held the claim compensable. This appeal by SAIF resulted. We reverse.

Claimant, 32, claimed to have hurt his back when, at work in his employment on August 28, 1973, he jumped three or four feet from a window to the ground. At that time claimant stated he felt a sudden pain, like a punch in the back. Although other workers were present, claimant did not complain or mention any injury at that time. He continued working for the remaining hour in the work day. He did not return to this employment again. His wife testified that she called in the following day to say that he had hurt his back and would try to be in the following day. She did not claim that she had said that claimant hurt his back at work. Dr. Mueller, who treated claimant, relied on the history claimant gave him and originally noted a causal connection between the claimed injury and the lumbosacral sprain. He later stated that he found "considerable functional overlay" during claimant's hospitalization in September 1973. Dr. Mueller ultimately concluded only that claimant's complaints and symptoms were "consistent with the type of injury which he claims to have occurred * * *."

Claimant has a history of low back problems extending over the last 13 years, beginning with his release from military service in 1961. During 1972 he

was injured in a fall across a home shower-stall curbing when the floor gave away. He lit upon his back at belt level. He was hospitalized for about one week, placed in traction and given heat treatment and medication. He was released from treatment for this episode by Dr. Long in March 1973. He went to work during April 1973 for Burns Detective Agency, but quit in June because the walking caused his back to get worse. He checked in at the Veterans' Administration Hospital three times during June and July 1973, was treated and, according to claimant, fully recovered. His next employment was with the employer here involved, for whom he worked from August 3 to August 28, 1973. He has again been at work since approximately October 22, 1973, first as a security guard and, at time of hearing, as a foreman with another employer.

■ The hearing referee did not believe claimant. He stated in his opinion:

"The Referee concludes that claimant did exit the building by way of the window, but he was not hurt. His physical examinations were essentially negative. It would appear that the lack of objective findings caused Dr. Mueller to conclude that he could only state that his findings were consistent with the type of injury which claimant claims to have incurred."

The burden is upon the claimant to establish the validity of his claim. He must initially show that an industrial injury occurred. The referee found that claimant failed in his proof. The referee's finding as to credibility based upon conflicting testimony as well as his observation of claimant and the other witnesses, when coupled with the uncertainty of the medical evidence, leads us to conclude that the circuit court was in error in determining that claimant's claim was compensable.

Reversed.