Argued and submitted September 18, 1984, reversed and remanded with instructions
March 6, 1985

## EDWARDS,
*Petitioner,*

*v.*

## STATE ACCIDENT INSURANCE FUND CORPORATION,
*Respondent.*

(82-06575; CA A31014)

695 P2d 983

H. Scott Plouse, Medford, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Joseph, Chief Judge, and Warden and Newman, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Claimant seeks review of an order of the Workers' Compensation Board which affirmed the referee's denial of medical benefits under ORS 656.245. The only issue is whether claimant's neck condition is causally related to an earlier compensable accident. We review *de novo* and reverse.

Claimant suffered a compensable injury on August 27, 1980, when the hay truck he was driving for the C-2 Cattle Company rolled over. He was taken to a hospital, where he complained of pain in his right shoulder, ribs and right occiput and of nausea. The treating physician, Dr. Bomengen, reported that there was no tenderness of the dorsal or cervical spine and that claimant had full range of motion of his neck, although he had a bruise on the back of his head. He was treated for a right rib fracture and a punctured lung. He was hospitalized for approximately one and one-half days and released to return to regular work three weeks later on September 22, 1980.

Claimant continued to perform strenuous work following his return to work, including lifting bales of hay weighing 90 to 120 pounds. In the spring of 1981, he developed numbness and tingling in his hands, a problem that worsened until he saw Dr. Maukonen in April, 1982. The doctor took a history that inaccurately indicated that claimant had been hospitalized for one and one-half weeks for multiple rib fractures when, in fact, he had been hospitalized for one and one-half days for a single rib fracture and a punctured lung. The history also contained several other inaccuracies, including recording November, 1980, instead of September 22, 1980, as the time claimant returned to work after the wreck.

The record contains three medical opinions concerning the cause of claimant's condition. Dr. Maukonen, the only doctor who actually had examined him, diagnosed post-traumatic cervical spondylosis and ulnar dysesthesis, probably secondary to thoracic outlet syndrome. Dr. Riley, a neurological consultant for SAIF, reviewed the records and discussed the relationship of trauma to cervical spondylitis but concluded that claimant had degenerative disc disease. He noted, however, the numerous errors in the history and expressed his opinion that claimant's condition was not related to the 1980 injury, because symptoms would have been

expected within three to five days after that injury, whereas claimant did not complain of neck pain that soon after the accident.

Dr. Tennyson, a neurological consultant, was called as a witness by SAIF. He testified that, on the basis of the admitted exhibits and the x-rays taken by Dr. Maukonen in April, 1982, he agreed with the diagnosis of cervical spondylosis. Like Dr. Riley, he believed that the condition was not caused by the injury. He based his conclusion on the fact that claimant was apparently given a thorough examination at the time of the injury and that the standards of practice would have required x-rays to be taken of the neck area if there had been complaints about pain to that region. X-rays had been taken of the skull, elbows and ribs, but not of the neck. Dr. Tennyson agreed that a history of neck pain at the time of hospitalization and a history of continued neck pain would cause him to change his opinion about the relationship of the spondylosis to the injury.

All three medical experts discussed the relationship between spondylosis and trauma. Dr. Riley noted that cervical spondylitis can be associated with different trauma, either of hyperextension or severe twisting. Dr. Maukonen believed that claimant's condition was the result of the 1980 injury. Dr. Tennyson stated that cervical spondylosis is commonly related to trauma in persons of claimant's age, but that in his case it probably was the result of multiple traumas over a number of years.

■　　The question in this case is whether claimant's condition was more likely than not caused by the 1980 accident. Claimant has the burden to prove his claim. *Martin v. SAIF*, 22 Or App 282, 538 P2d 943 (1975). The referee determined that Dr. Maukonen's opinion was "entitled to no weight" and decided, on the basis of the two other medical opinions, that claimant had not proved a causal connection. The Board adopted the referee's reasoning.

■　　On *de novo* review, we conclude that claimant has proved it more likely than not that his condition was caused by the 1980 accident. The medical evidence indicates that it was probably caused by trauma. In the accident, claimant was in a truck that rolled over. He experienced sufficient trauma

to fracture a rib, puncture a lung, jam his right shoulder and bruise the back of his head.

The two medical experts for SAIF rejected a causal connection between that accident and claimant's condition because of the lack of immediate neck pain associated with the accident. However, the doctor testifying for SAIF agreed that trauma is the most probable cause of spondylosis in a person of claimant's age. We find it difficult to understand the rejection of a causal connection between the accident and the condition, especially when there was no other evidence of trauma associated with the requisite neck pain to explain claimant's condition.[1]

Reversed and remanded with instructions to allow the claim.

---

[1] Dr. Tennyson's opinion that claimant's spondylosis might be the result of a degenerative condition accelerated by multiple traumas arising from work activity of wrestling with cows and lifting bales of hay is too equivocal and speculative to be a satisfactory alternative explanation of the cause of the condition.